Filed 5/7/14  P. v. Wagner CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066177 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. MCR028821A & MCR039557) |
| BEVERLY ANNE WAGNER, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Franson, J., and LaPorte, J.†

†      Judge of the Kings Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

*Case No. MCR028821A*

On July 18, 2007, appellant, Beverly Anne Wagner, waived her constitutional rights in case No. MCR028821A and entered a guilty plea to one count of possession of access card information without consent with intent to defraud (Pen. Code, § 484e, subd. (d), count 2).[1] On September 28, 2007, the trial court placed appellant on felony probation for five years upon various terms and conditions, including that she serve nine days in jail.[2]

On March 6, 2008, appellant admitted an allegation that she violated her probation and was ordered to serve an additional 90 days in jail and complete an inpatient drug treatment program. On May 15, 2009, appellant admitted a new violation of probation and again was sentenced to county jail for 90 days. On November 1, 2010, appellant admitted a third violation of probation. The trial court ordered appellant's incarceration in county jail for 60 days and that she participate in a drug counseling program.

Appellant admitted a fourth violation of probation on March 3, 2011. On April 1, 2011, the trial court sentenced appellant to prison for a term of three years, suspended imposition of sentence, ordered appellant to spend 36 days in jail, and placed her in the Madera County Felony Drug Court Program.

*Case No. MCR039557*

On March 3, 2011, appellant waived her constitutional rights and pled guilty to one count of fraudulently obtaining another's identity. (§ 530.5, subd. (a), count 3).[3] On

---

[1]  Unless otherwise designated, all statutory references are to the Penal Code.

[2]  Between December 1, 2006, and March 31, 2007, appellant used her grandmother's ATM card without permission to withdraw funds. The withdrawals were made in increments between $500 and $800 and totaled over $2,000.

[3]  On June 30, 2010, appellant took her grandmother's ATM card and withdrew $140 from her grandmother's account without permission.

2

April 1, 2011, the trial court placed appellant on felony probation for five years and ordered her to serve 90 days in jail consecutive to the time she was to serve in case No. MCR028821A.

Appellant admitted violating her probation in both cases on November 10, 2011. The trial court ordered appellant's incarceration in jail for 19 days and continued her in the felony drug court program. On October 12, 2012, appellant admitted a new violation of probation in both cases. On November 9, 2012, the trial court lifted the stay of execution on appellant's sentence of three years and ordered it to be served locally pursuant to section 1170, subdivision (h)(5)(a). Appellant was granted 276 actual days in custody and 188 days of conduct credits, for a total of 464 days' custody credits. Appellant did not obtain a certificate of probable cause.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised she could file her own brief with this court. By letter on March 18, 2013, we invited appellant to submit additional briefing. To date, she has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

3